UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

FILED BY _____ D.C.

00 FEB 25 AM 10:58

CLARENCE HADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA - MIA

| | |
|---|---|
| MELVYN D. TAYLOR | CASE NO. 00-06208-CIV-DAVIS |
| Plaintiff, | Magistrate Judge Brown |
| vs. | |
| PROVIDENT LIFE AND ACCIDENT INSURANCE CO., and UNUM LIFE INSURANCE COMPANY OF AMERICA | **DEFENDANTS' MOTION TO DISMISS COMPLAINT AND MEMORANDUM OF LAW IN SUPPORT THEREOF** |
| Defendants. / | |

Defendants, PROVIDENT LIFE AND ACCIDENT INSURANCE CO. ("Provident"), and UNUM LIFE INSURANCE COMPANY OF AMERICA ("UNUM") (collectively, "defendants"), by and through their undersigned counsel, hereby move, pursuant to Rule 12(b)(6), Federal Rules of Civil Procedure, for dismissal of the Complaint filed against them by plaintiff, MELVYN D. TAYLOR ("Taylor"), for failure to state a claim upon which relief can be granted. As explained herein, Taylor's claims are preempted by the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001 et. seq. ("ERISA"), and thus must be dismissed.

## INTRODUCTION

Taylor commenced this action in the Circuit Court of the Seventeenth Judicial Circuit of the State of Florida, in and for Broward County, entitled Taylor v. Provident Life and Accident Insurance Company and UNUM Life Insurance Company of America, Case No. 00-00445 CACE 12. Defendants timely removed the action to this Court on the grounds that the causes of action set

forth in the Complaint are governed by ERISA. The Complaint purports to set forth common law breach of contract claims against both Provident and UNUM.

The Complaint ignores, however, that any and all claims Taylor may have in this case are governed by ERISA because the policies at issue were provided to Taylor by his employer as part of an employee welfare benefit plan. Thus, the policies were, and remain, governed by ERISA. As such, Taylor's claims are preempted by ERISA, including his claims for attorneys' fees, and therefore must be dismissed.

## MEMORANDUM OF LAW

ERISA is the exclusive source of substantive law applicable in disputes relating to employee benefit plans, superseding all state law claims. 29 U.S.C. §§ 1003(a), 1144(a) (1994). Consequently, ERISA entirely preempts plaintiff's state law actions. Plaintiff must therefore pursue his causes of action under ERISA's civil enforcement provision. 29 U.S.C. § 1132(a)(1)(B) (1994). See generally Ingersoll-Rand Company v. McClendon, 498 U.S. 133, 111 S.Ct. 478, 112 L.Ed.2d 474 (1990); FMC Corp. v. Holliday, 498 U.S. 52, 111 S.Ct. 403, 112 L.Ed.2d 356 (1990); Fort Halifax Packing Co., Inc. v. Coyne, 482 U.S. 1, 107 S.Ct. 2211, 96 L.Ed.2d 1 (1987); Metropolitan Life Ins. Co. v. Taylor, 481 U.S. 58, 107 S.Ct. 1542, 95 L.Ed.2d 55 (1987); Pilot Life Ins. Co. v. Dedeaux, 481 U.S. 41, 107 S.Ct. 1549, 95 L.Ed.2d 39 (1987); Metropolitan Life Ins. Co. v. Massachusetts, 471 U.S. 724, 105 S.Ct. 2380, 85 L.Ed.2d 728, (1985). Section 1132(a)(1)(B) provides, in pertinent part, that "A civil action may be brought -- (1) by a participant nor beneficiary -- . . . (B) to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan . . . ." 29 U.S.C. § 1132(a)(1)(B).

SHUTTS & BOWEN LLP / 1500 MIAMI CENTER / 201 SOUTH BISCAYNE BOULEVARD / MIAMI, FLORIDA 33131 / (305) 358-6300

The Supreme Court has repeatedly held that the preemption provision of ERISA is extremely broad, and includes any common law rights of those seeking to recover plan benefits. See, e.g., Pilot Life, 481 U.S. at 45-46, 107 S.Ct. at 1552 ("the express preemption provisions of ERISA are deliberately expansive"); Shaw v. Delta Airlines, Inc., 463 U.S. 85, 96, 103 S.Ct. 2890, 2899-2900 (1983) ("the breadth of §514's [29 U.S.C. §1144(a)'s] preemptive reach is apparent . . . ."); FMC Corp. v. Holliday, 498 U.S. 52, 57, 111 S.Ct. 403, 407 (1990); Ingersoll-Rand Company v. McClendon, 498 U.S. 133, 137, 111 S.Ct. 478, 482 (1990).

The Supreme Court has employed a similarly broad definition in determining whether a law "relates to" an employee welfare benefit plan. A state "law 'relates to' an employee welfare benefit plan . . . if it has a connection with or reference to such a plan." Shaw v. Delta Airlines, 463 U.S. at 96-97, 103 S.Ct. at 2900. Furthermore, because Congress used the words "relate to" in the broad sense, the Supreme Court has "emphasized that the preemption clause is not limited to 'state laws specifically designed to affect employee benefit plans.'" Pilot Life, 481 U.S. at 47-48, 107 S.Ct. at 1553; Shaw, 463 U.S. at 98, 103 S.Ct at 2900 (preemption clause should not "be interpreted to preempt only state laws dealing with the subject matters covered by ERISA - reporting, disclosure, fiduciary responsibility, and the like").

In the instant case, the Complaint does not allege claims for relief under ERISA, and instead attempts to set forth state common law causes of action for breach of contract regarding Taylor's claims for disability benefits under the Provident and UNUM policies. However, because these claims all relate to ERISA policies, they all are preempted by ERISA. "[P]reemption of state law claims by ERISA depends on the conduct to which such law is applied, not on the form or label of the law." Scott v. Gulf Oil Corp., 754 F.2d 1499, 1504 (9th Cir. 1985). Regardless of how the state cause of action is characterized, courts have repeatedly given the preemptive provision of ERISA

-3-

a sweeping scope. See, e.g., Metropolitan Life Ins. Co. v. Taylor, 481 U.S. 58, 107 S.Ct. 1542 (1987) (common law breach of contract and tort claims preempted by ERISA); Kelley v. Sears, Roebuck & Co., 882 F.2d 453 (10th Cir. 1989) (state statutory unfair claim settlement practices law and common law bad faith are preempted by ERISA); Straub v. Western Union Telegraph Company, 851 F.2d 1262 (10th Cir. 1988) (breach of contract and negligent misrepresentation claims preempted by ERISA); Anderson v. John Morrell & Company, 830 F.2d 872 (8th Cir. 1987) (breach of contract claims "clearly preempted" by ERISA). See also Ingersoll-Rand Company v. McClendon, 498 U.S. 133, 111 S.Ct. 478 (1990); FMC Corp. v. Holliday, 498 U.S. 52, 111 S.Ct. 403 (1990); Fort Halifax Packing Co., Inc. v. Coyne, 482 U.S. 1, 107 S.Ct. 2211 (1987); Metropolitan Life Ins. Co. v. Massachusetts, 471 U.S. 724, 105 S.Ct. 2380 (1985).

In Pilot Life, the Supreme Court held that when a plaintiff claims benefits under an employee benefit plan, ERISA provides the exclusive remedy. In Pilot Life, the plaintiff brought a common law "tortious breach of contract" claim, described as arising under "the Mississippi law of bad faith," seeking damages allegedly resulting from an insurance company's denial of benefits under an insurance policy provided by his employer. Pilot Life, 481 U.S. at 51, 107 S.Ct. at 1555. The Supreme Court held that the claim, regardless of the name attached to it, was preempted because the claim "related to" an employee benefit plan. Id. at 57, 107 S.Ct. at 1558. See also Metropolitan Life Ins. Co. v. Taylor, supra (suit for breach of contract, reinstatement of benefits, and mental anguish preempted by ERISA). Here, it is clear under the Supreme Court's holdings in Pilot Life and Taylor that Taylor's state law causes of action for breach of contract are preempted by ERISA.

Further, the United States Court of Appeals for the Eleventh Circuit has consistently recognized that framing an ERISA action as a state common law claim warrants summary judgment or dismissal. See Amos v. Blue Cross-Blue Shield, 868 F.2d 430, 431 (11th Cir.), cert. denied, 493

U.S. 855, 110 S.Ct. 158 (1989) (ERISA preempts breach of contract claims); Swerhun v. Guardian Life Ins. Co., 979 F.2d 195, 198-99 (11th Cir. 1992) (upholding district court's dismissal of breach of contract and bad faith causes of action pursuant to § 624.155, Fla. Stat., as preempted by ERISA); First National Life Insurance Co. v. Sunshine-Jr. Food Stores, Inc., 960 F.2d 1546, 1550 (11th Cir. 1992), cert. denied, 506 U.S. 1079, 113 S.Ct. 1045 (1993); Belasco v. W.K.P. Wilson & Sons, Inc., 833 F.2d 277 (11th Cir. 1987); Tatum v. Bokofsky, 842 F. Supp. 521, 527 (S.D. Fla. 1994). Accordingly, Taylor's claims for benefits in the form of state common law breach of contract actions are preempted and must be dismissed.

Lastly, the Complaint does not state that Taylor exhausted administrative remedies pursuant to 29 U.S.C. § 1133, or establish that resort to those remedies would be futile, a necessary prerequisite to commencement of an action under ERISA. Counts v. American General Life and Acc. Ins. Co., 111 F.3d 105 (11th Cir. 1997); Variety Children's Hospital v. Century Medical Health Plan, Inc., 57 F.3d 1040 (11th Cir. 1993); Byrd v. MacPapers, Inc., 961 F.2d 157 (11th Cir. 1992); Curry v. Contract Fabricators, Inc. Profit Sharing Plan, 891 F.2d 842, 846 (11th Cir. 1990); Mason v. Continental Group, Inc., 763 F.2d 1219, 1227 (11th Cir. 1985), cert. denied, 474 U.S. 1087, 106 S.Ct. 863, 88 L.Ed.2d 902 (1986).

Failure either to state exhaustion or establish the futility of pursuing administrative remedies forms independent grounds for dismissal of a complaint. Byrd v. MacPapers, Inc., 961 F.2d 157, 160 (11th Cir. 1992). Indeed, in the absence of evidentiary support for futility, a district court's decision not to dismiss a complaint for failure to exhaust administrative remedies constitutes an abuse of discretion reversible on appeal. Springer v. Wal-Mart Assoc. Group Health Plan, 908 F.2d 897, 901 (11th Cir. 1990). In the case at bar, Taylor's failure to meet ERISA's exhaustion

SHUTTS & BOWEN LLP / 1500 MIAMI CENTER / 201 SOUTH BISCAYNE BOULEVARD / MIAMI, FLORIDA 33131 / (305) 358-6300

requirement warrants dismissal of the Complaint. Accordingly, based upon ERISA, the Complaint against both Provident and UNUM should be dismissed.[1]

## CONCLUSION

For the foregoing reasons, defendants, PROVIDENT LIFE AND ACCIDENT INSURANCE CO. and UNUM LIFE INSURANCE COMPANY OF AMERICA, respectfully request that this Court enter an Order dismissing the Complaint, and granting defendants such other and further relief as the Court deems just and equitable.

Respectfully submitted,

**SHUTTS & BOWEN LLP**
Attorneys for Defendants
201 South Biscayne Boulevard
1500 Miami Center
Miami, Florida 33131
(305) 358-6300
Telecopier: (305) 381-9982

By: _____
John E. Meagher
Florida Bar No. 511099
Jeffrey M. Landau
Florida Bar No. 863777

---

[1] Taylor also has demanded a trial by jury. Pursuant to ERISA, a claimant is not entitled to a jury trial for benefits purportedly due under an ERISA plan. 29 U.S.C. § 1132(a)(1)(B); Blake v. Union Mutual Stock Life Insurance Co. of America, 906 F.2d 1525, 1526 (11th Cir. 1990); Chilton v. Savannah Foods & Industries, Inc., 814 F.2d 620, 623 (11th Cir. 1987); Howard v. Parisian, Inc., 807 F.2d 1560, 1566-67 (11th Cir. 1987); Calamia v. Spivey, 632 F.2d 1235, 1237 (5th Cir. 1980). The demand for jury trial therefore should be stricken.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing Defendants' Motion to Dismiss Complaint was mailed this 23rd day of February, 2000 to: Walter G. Campbell, Esq., Krupnick, Campbell, Malone et al., 700 S. E. Third Avenue, Courthouse Law Plaza, Suite 100, Fort Lauderdale, FL 33316.

_____
Of Counsel

MIADOCS 320691.1