UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 00-06208   CIV-DAVIS

MELVYN D. TAYLOR,

    Plaintiff,

v.

PROVIDENT LIFE AND ACCIDENT
INSURANCE COMPANY and UNUM
LIFE INSURANCE COMPANY OF
AMERICA,

    Defendants.
_____/

## PLAINTIFF'S MOTION FOR REMAND AND MEMORANDUM OF LAW IN SUPPORT THEREOF

Plaintiff, MELVYN D. TAYLOR, by and through his undersigned attorneys, hereby files this Motion for Remand and Memorandum of Law In Support thereof and further states as follows:

On February 11, 2000, Defendants, PROVIDENT LIFE AND ACCIDENT INSURANCE CO. ("PROVIDENT") and UNUM LIFE INSURANCE COMPANY OF AMERICA ("UNUM"), filed a notice of removal removing the instant action from the Circuit Court of the Seventeenth Judicial Circuit, in and for Broward County, Florida. The removal was based upon Defendants' assertions that the disability insurance policies in question are governed by the Employee Retirement Income Security Act of 1974, 29 U.S.C. §1001, et seq (ERISA).

However, as set forth in the affidavit of MELVYN D. TAYLOR, the individual disability policies issued by Defendants, PROVIDENT and UNUM, to the Plaintiff, MELVYN D. TAYLOR, were held by MELVYN D. TAYLOR individually. The individual disability plans covered no other persons and no coverage under the policy was afforded to any other person or employee of MELVYN D. TAYLOR's professional association. All of the premiums for the disability policies were paid by MELVYN D. TAYLOR out of his personal checking account except for policy No. 6 334 548958. Some of the premium payments for that policy were made through MELVYN D. TAYLOR's professional association checking account. Although the premium checks would have been initially paid through the professional association, all of those premium payments were reimbursed through MELVYN D. TAYLOR'S personal assets. As such, under the overwhelming case law and the binding precedent in this Circuit, these individual policies are not governed by ERISA.

In Slamen v. Paul Revere Life Insurance Company, 166 F.3d 1102 (11th Cir. 1999), the plaintiff was a dentist who operated his practice through a professional corporation. No other employees of the professional corporation were covered under the disability policy. The premiums for the disability policy were paid by that professional corporation. The Slamen Court found this fact to be irrelevant. As stated by the Court: "Nor does the fact that the premiums were paid by Slamen's professional corporation, rather than Slamen himself, dictate a contrary result. As we have said, to establish that the plan in this case is governed by ERISA, Paul Revere would have to show that an employee other than Dr. Slamen received benefits under the disability insurance policy. Paul Revere has failed to make this showing and the clear import of the

Company, 969 F.2d 178 (6th Cir. 1992); Kwathcher v. Massachusetts Service Employees Pension Fund, 879 F.2d 957 (1st Cir. 1989); Schwartz v. Gordon, 761 F.2d 864 (2nd Cir. 1985); Peckham v. Board of Trustees, 653 F.2d 424 (10th Cir. 1981).

Accordingly, there can be no doubt that under the prevailing case law that the policies held by MELVYN D. TAYLOR, regardless of the fact that some of the premiums may have been paid through his professional association, are not ERISA plans. Because the only basis for removal cited by the Defendants is ERISA, this case must be remanded for lack of federal jurisdiction. Accordingly, Plaintiff requests this Court to remand this case to the state court from which it was removed.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was delivered by mail this 9 of March, 2000 to:

JOHN E. MEAGHER, ESQ. and JEFFREY M. LANDAU, ESQ.
SHUTTS & BOWEN LLP, Attorneys for Defendants
201 South Biscayne Blvd., 1500 Miami Center
Miami, Florida 33131 (305) 358-6300; FAX (305) 381-9982

KRUPNICK, CAMPBELL, MALONE, ROSELLI,
BUSER, SLAMA, HANCOCK, McNELIS
LIBERMAN & McKEE, P.A.
Attorney for Plaintiff
700 Southeast Third Avenue
Courthouse Law Plaza, Suite 100
Fort Lauderdale, Florida 33316
(954) 763-8181

BY: _____
WALTER G. CAMPBELL, JR., ESQUIRE
Florida Bar No.: 161009