UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

FILED BY _____ D.C.

2000 MAR 13 AM 9:14

CLARENCE MADDOX
CLERK U. S. DIST. CT.
S.D. OF FLA - MIA

CASE NO.: 00-06208 CIV-DAVIS

MELVYN D. TAYLOR,

    Plaintiff,

v.

PROVIDENT LIFE AND ACCIDENT
INSURANCE COMPANY and UNUM
LIFE INSURANCE COMPANY OF
AMERICA,

    Defendants.
_____/

### PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANTS PROVIDENT AND UNUM'S MOTION TO DISMISS

    Plaintiff, MELVYN D. TAYLOR, by and through his undersigned attorneys, hereby file this Memorandum of Law In Opposition to Defendants PROVIDENT LIFE AND ACCIDENT INSURANCE COMPANY ("PROVIDENT") and UNUM LIFE INSURANCE COMPANY OF AMERICA ("UNUM") Motion to Dismiss and states as follows:

    As set forth in the affidavit of MELVYN D. TAYLOR, the individual disability policies issued by Defendants, PROVIDENT and UNUM, to the Plaintiff, MELVYN D. TAYLOR, were held by MELVYN D. TAYLOR individually. The individual disability plans covered no other persons and no coverage under the policy was afforded to any other person or employee of MELVYN D. TAYLOR's professional association. All of the



premiums for the disability policies were paid by MELVYN D. TAYLOR out of his personal checking account except for policy No. 6 334 548958. Some of the premium payments for that policy were made through MELVYN D. TAYLOR's professional association checking account. Although the premium checks would have been initially paid through the professional association, all of those premium payments were reimbursed through MELVYN D. TAYLOR'S personal assets. As such, under the overwhelming case law in this area and the binding precedent in this Circuit, these individual policies are not governed by ERISA.

In Slamen v. Paul Revere Life Insurance Company, 166 F.3d 1102 (11th Cir. 1999), the plaintiff was a dentist who operated his practice through a professional corporation. No other employees of the professional corporation were covered under the disability policy. The premiums for the disability policy were paid by that professional corporation. The Slamen Court found this fact to be irrelevant. As stated by the Court: "Nor does the fact that the premiums were paid by Slamen's professional corporation, rather than Slamen himself, dictate a contrary result. As we have said, to establish that the plan in this case is governed by ERISA, Paul Revere would have to show that an employee other than Dr. Slamen received benefits under the disability insurance policy. Paul Revere has failed to make this showing and the clear import of the ERISA regulations is that Dr. Slamen cannot be considered an employee of the professional corporation which he owns." Slamen, 166 F.3d at 1106, n. 4.

When Paul Revere refused to pay benefits to Dr. Slamen under the disability insurance policy, he filed suit in state court. The Eleventh Circuit rejected Paul Revere's contention that the policy was an ERISA policy, stating as follows:

> Thus, in order to establish an ERISA employee welfare benefit plan, the plan must provide benefits to at least one employee, not including an employee who is also the owner of the business in question. See, Williams v. Wright, 927 F.2d 1540, 1545 (11th Cir. 1991); 29 C.F.R. §2510.3-3(c)(1) (1998) ("An individual and his or her spouse shall not be deemed to be employees with respect to trade or business, whether incorporated or unincorporated, which is wholly owned by the individual or by the individual and his or her "1105 spouse."); see also, Peterson v. American Life & Health Ins. Co., 48 F.3d 404, 407 (9th Cir. 1995) ("Neither an owner of a business nor a partner in a partnership can constitute an 'employee' for purposes of determining the existence of an ERISA plan."); Meredith v. Time Ins. Co., 980 F.2d 352, 357 (5th Cir. 1993) ("These regulations prevent Meredith from being simultaneously an employer and employee."). (Emphasis Added.)
>
> Slamen argues that the disability insurance policy he purchased from Paul Revere in 1985 was not an ERISA plan because he wholly owned the dental practice and was the only person governed under the disability insurance policy. Thus, by virtue of §2510.3-3(c)(1), he argues that he could not be considered an employee for purposes of determining whether the disability insurance policy was an ERISA plan. We agree. Slamen's disability insurance policy covered only himself. No employees received any benefits under the plan and there is nothing in the record showing that the disability insurance policy bears any relationship to the health and life insurance benefits that Slamen provides to his employees. On the contrary, the two (2) policies were purchased at different times, from different insurance insurers, and for different purposes. The first policy covers Slamen's employees, as well as himself, while the second policy only covers Slamen and was not designed to benefit Slamen's employees.
>
> In light of these facts, we are not persuaded by Paul Revere's argument that ERISA nonetheless applies here because Slamen had in place other insurance for his employees.

Paul Revere, 166 F.3d at 1105.

This interpretation of ERISA coverage is consistent with the purposes behind ERISA. As stated in In Re Watson, 161 F.3d 593 (9th Cir. 1998):

3

> ERISA Title I was adopted by Congress in 1974, in part, to remedy abuses by employers who manage pension plan assets held in trust for workers and traditional employer/employee relationships. Congress recognized that workers, i.e. traditional "employees," are vulnerable to abuse by employers because employers typically maintain exclusive control over the pension funds of their employees. In contrast, a self-employed individual such as Watson, has complete control over the amount, investment and form of the fund because he voluntarily creates and manages it for his own retirement. Congress had no reason to extend ERISA coverage to self-employed owners such as Watson. Self interest provides adequate protection. Therefore, it was reasonable for the Department of Labor to exclude self-employed sole shareholders from this definition of "employees" for purposes of ERISA.

In Re Watson, 161 F.3d at 598.

In addition to the binding Eleventh Circuit law, the overwhelming case law from other Circuits holds that sole proprietor plans and professional association plans which cover only the sole proprietor or owner of the business are not ERISA plans. See, Rand v. Equitable Life Assurance Society of U.S., 1999 W.L. 297024 (E.D. of NY); Matenchek v. John Alden Life Insurance Company, 93 F.3d 96 (3rd Cir. 1996); Peterson v. American Life and Health Insurance Company, 48 F.3d 404 (9th Cir. 1995); Meredith v. Time Insurance Company, 980 F.2d 352 (5th Cir. 1993); Fugarino v. Hartford Life and Accident Insurance Company, 969 F.2d 178 (6th Cir. 1992); Kwathcher v. Massachusetts Service Employees Pension Fund, 879 F.2d 957 (1st Cir. 1989); Schwartz v. Gordon, 761 F.2d 864 (2nd Cir. 1985); Peckham v. Board of Trustees, 653 F.2d 424 (10th Cir. 1981).

Accordingly, there can be no doubt that under the prevailing case law that the policies held by MELVYN D. TAYLOR, regardless of the fact that some of the premiums

4

may have been paid through his professional association, are not ERISA plans. Therefore Defendants' dismissal argument based upon ERISA preemption must be rejected. Plaintiff's Complaint is properly pled as a common law breach of contract claim. Accordingly, Defendants' Motion to dismiss should be denied.

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was delivered by mail this ___ of March, 2000 to:

JOHN E. MEAGHER, ESQ. and JEFFREY M. LANDAU, ESQ.
SHUTTS & BOWEN LLP, Attorneys for Defendants
201 South Biscayne Blvd., 1500 Miami Center
Miami, Florida 33131 (305) 358-6300; FAX (305) 381-9982

    KRUPNICK, CAMPBELL, MALONE, ROSELLI,
    BUSER, SLAMA, HANCOCK, McNELIS
    LIBERMAN & McKEE, P.A.
    Attorney for Plaintiff
    700 Southeast Third Avenue
    Courthouse Law Plaza, Suite 100
    Fort Lauderdale, Florida 33316
    (954) 763-8181

BY: _____
    WALTER G. CAMPBELL, JR., ESQUIRE
    Florida Bar No.: 161009