UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 00-6208-CIV-DIMITROULEAS

MELVYN D. TAYLOR,

   Plaintiff,

vs.

PROVIDENT LIFE AND ACCIDENT
INSURANCE COMPANY and UNUM
LIFE INSURANCE COMPANY OF
AMERICA,

   Defendants.
_____/



## ORDER ON MOTION FOR REMAND

THIS CAUSE is before the Court upon Plaintiff, Melvyn D. Taylor's Motion for Remand, filed herein on March 13, 2000. The Court has carefully considered the motion, and is otherwise fully advised in the premises.

## I. BACKGROUND

Plaintiff was an endodontic surgeon. Plaintiff purchased disability insurance from Defendant Unum in 1972 and Defendant Provident in 1990. Plaintiff began to experience dermatological reactions to the use of any gloves his occupation required. Due to the dermatological reactions, Plaintiff became ill and could not perform the duties of his occupation. In November, 1995, Plaintiff was declared totally disabled. Defendants did not pay Plaintiff his monthly benefits, as per the insurance policies.

Plaintiff filed this action in the Circuit Court for the Seventeenth Judicial Circuit in Broward County, Florida. Plaintiff's claim was for breach of contract against Defendant Provident, and breach of contract against Defendant Unum. Defendants removed this action on



February 11, 2000.

Plaintiff now files this Motion for Remand, arguing that Defendants' assertions that this action does not involve insurance policies governed by the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001, et seq (ERISA). Plaintiff states that this is an action concerning individual disability plans that do not cover any other persons, and no coverage under the policy was afforded to any other person or employee. Defendants contend that this action was properly removed since the insurance policies are regulated by ERISA, because each of Plaintiff's disability policies covered employees other than him.

## II. DISCUSSION

In the present action, diversity jurisdiction was not plead, and therefore, on the face of the Complaint, does not exist. Accordingly, this Court will only have jurisdiction if the policies at issue are governed by ERISA. ERISA applies to employee welfare benefit plans, defined by the Eleventh Circuit to contain certain requirements, including that the "plan must provide benefits to at least one employee, not including an employee who is also the owner of the business in question." Slamen v. Paul Revere Life Insurance Co., 166 F.3d 1102, 1104 (11th Cir. 1999); 29 C.F.R. § 2510.3-3(c)(1)(1998). Under Slamen, even if an employee benefit plan otherwise meets the technical requirements of an ERISA plan, if there are no non-owner employees that are covered by the program, than ERISA does not apply. "ERISA excludes such employer benefit plans from its broad scope because when the employee and employer are one and the same, there is little need to regulate plan administration." Slamen, 166 F.3d at 1105-06.

Plaintiff sets forth, in the Affidavit of Melvyn D. Taylor and vast numbers of premium checks, that the premium payments for the policy were paid by Plaintiff out of his personal checking account, except for policy Number 6 334 548958. Some of the premium payments for that policy were made by Plaintiff's professional association checking account. However, the

checks paid through the professional association were reimbursed through Plaintiff's personal assets. Plaintiff is a partner and co-owner of his professional association.

Defendants, in their attempt to contradict Plaintiff's assertions, attach documents that simply do not support their contentions. One of the documents submitted, Exhibit E, was signed in 1976, and is not relevant to this action. Defendants' other documents do not contain any indications as to what type of documents they are. There are no indications regarding whether the exhibits submitted are disability policies, or are one of the disability policies that this action concerns. The Court notes that the premiums for the workers Defendants argue are involved in the disability policies, are small, and are not consistent with the amounts claimed in the disability policies at issue. Defendants removal argument lacks support. A removal petition must be strictly construed, with all doubts resolved against removal. Her Majesty the Queen v. City of Detroit, 874 F.2d 332, 339 (6th Cir. 1989).

The only exhibit which is designated as another disability policy, Exhibit A, is for Dr. Rosenbaum, a co-owner of the partnership. He is not a non-owner employee, as necessitated by Slamen. Slamen, 166 F.3d at 1105-06. Defendants fail to show that Plaintiff was not the only non-owner employee of Rosenbaum & Taylor, DDS, P.A. covered by disability insurance as provided for by the plan and necessary to fall within the control of ERISA preemptions. Additionally, the evidence tends to prove that Plaintiff is a co-owner of the Partnership, and no non-owner employees are covered on his disability insurance.

The Court notes that Defendants rely on Jaffe v. Provident Life and Accident Insurance Company, Case No. 99-6302-CIV-DAVIS, Order March 21, 2000 (S.D. Fla. March 21, 2000), which belies their argument. The Court held in the Jaffe Order that a Defendant has the burden to prove ERISA preemption through billing statements that clearly indicate that other employees are covered by disability policies. Defendants in this action do not clearly indicate that other

employees are covered under the policies, and therefore they fail to meet their burden. The Court in <u>Jaffe</u> also found that as long as only owners are covered by a policy, then it is not an ERISA policy. The facts in this action show that only owners were included on the policies at issue. Additionally, there is a presumption against ERISA preemption. <u>Ward v. Alternative Health Delivery System, Inc.</u>, 55 F.Supp.2d 694 (W.D. Ky. 1999). Defendants fail to overcome this presumption.

### III. CONCLUSION

Accordingly, it is

**ORDERED AND ADJUDGED** as follows:

1. Plaintiff's Motion for Remand is hereby **GRANTED**;

2. This case shall be **REMANDED** to the Circuit Court for the Seventeenth Judicial Circuit in and for Broward County, Florida, Case No. CL-00-00445;

3. The Clerk of this Court is hereby directed to forward a certified copy of this Order to the Clerk of the Circuit Court for the Seventeenth Judicial Circuit in and for Broward County, Florida, Case No. CL-00-00445;

4. All pending motions are hereby **DENIED**, without prejudice, as moot; and

5. This case is closed.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this _____ day of July, 2000.

WILLIAM P. DIMITROULEAS
United States District Judge

copies to:

Walter G. Campbell, Esq.
John Meagher, Esq.